PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

WENDY M. GARBERS (CABN 213208)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6475
    FAX: (415) 436-7234
    wendy.garbers@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-CR-00010 HSG |
| Plaintiff, | **UNITED STATES' SENTENCING MEMO** |
| v. | |
| BRENT SOURA, | Date: May 21, 2025<br>Time: 2:00 p.m. |
| Defendant. | |

## I.    BACKGROUND

Defendant Brent Soura conspired with his co-defendant, Tracy Collins, to forge prescriptions for narcotics using the Drug Enforcement Agency prescriber numbers of a number of licensed medical professionals. He also forged the providers' signatures on the counterfeit prescriptions. It appears that Soura and Collins did this in order to feed their long-standing and serious drug addiction. Soura personally obtained at least 5,165 pills, namely oxycodone, alprazolam, modafinil, and 280 fentanyl patches through these acts of identity theft.

On January 12, 2023, the government filed a four-count Indictment, charging Soura and Collins with Conspiracy to Commit Identity Theft and Fraud Related to Identification Documents (Count One), in violation of 18 U.S.C. § 1028(f), and Identity Theft (Counts Two through Four), in violation of 18

U.S.C. § 1028(a)(7).  Soura was charged in Counts One, Three, and Four.  (ECF 1.)

On January 5, 2024, Soura accepted responsibility for his crimes, and entered guilty pleas on Counts One and Four.  Pursuant to the parties' plea agreement, the government agreed to dismiss Count Three, and hereby moves to dismiss Count Three.  (ECF 120.)

The parties' plea agreement called for Soura to participate in the Convictions Alternatives Program (CAP), from which Soura successfully graduated last month.  (PSR ¶ 6.)  In light of Soura's successful completion of CAP, the government recommends a sentence of time served.

## II.  SENTENCING GUIDELINES CALCULATIONS

Probation calculates Soura's Sentencing Guidelines as follows:

a.  **Base Offense Level, U.S.S.G. § 2B1.1(a)(2):**                                          **6**

b.  **Specific offense characteristics:**

  •  **§ 2B1.1(b)(2)(A)(i) (10+ victims)**                                                   **+2**

  •  **§ 2B1.1(b)(11)(A)(ii) (authentication feature)**                                     **+4**

c.  **Acceptance of Responsibility § 3E1.1:**                                                **-2**

d.  **Adjusted Offense Level:**                                                              **10**

(PSR ¶¶ 28-37.)  Although this calculation differs from that set forth in the parties' plea agreement (which applied only a +2 under § 2B1.1(b)(11)(A)(ii), instead of bumping up the offense level to 12), the government agrees that Probation's calculations are correct.

The parties have not reached any agreement regarding Soura's criminal history.  Probation has calculated that Soura's criminal history score is 1, and he therefore falls into Criminal History Category I.  (*Id.* at ¶ 43.)  The government agrees with Probation's criminal history calculations.  As reflected in the PSR, the Guidelines range for imprisonment associated with adjusted offense level 10 and Criminal History Category I is 6-12 months.  (*Id.* at ¶ 71.)

## III.  GOVERNMENT'S SENTENCING RECOMMENDATION

### A.  Legal Standard

The United States Sentencing Guidelines serve as "the starting point and the initial benchmark" of any sentencing process and are to be kept in mind throughout the process.  *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The

overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991. In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct; and

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

**B.    The Government's Recommended Sentence**

As noted in the PSR, Soura has successfully completed CAP, graduating from the program on April 7, 2025. By all accounts, Soura has done extremely well in CAP. The government congratulates Soura on the work he has done to forge a new life path and encourages him to continue doing the hard work that will be required to maintain it. Based on Soura's successful completion of CAP, the government recommends that the Court sentence him to time served.

**IV.    CONCLUSION**

For the foregoing reasons, the United States recommends that the Court sentence Soura to time served, three years of supervised release, and a $200 special assessment.

DATED: May 14, 2025                               Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

*/s/ Wendy M. Garbers*
WENDY M. GARBERS
Assistant United States Attorney